**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**OVATION HOLDINGS, INC., et al.,**

    **Plaintiffs,**

v.                                          **CASE NO.:8:-15-cv-1792-T-27AEP**

**CERTAIN UNDERWRITERS AT LLOYD'S,**
**LONDON SUBSRIBING TO POLICY**
**NO. BPB-1213N0-0001, et al.,**

    **Defendants.**

_____/

**ORDER**

This cause comes before the Court on Plaintiffs Ovation Holdings, Inc. and Encore Bank, N.A.s' Nondispositive Motion for Subject Matter Jurisdictional Discovery ("Motion"). (Dkt. No. 2.)

This action, brought by Ovation Holdings, Inc. ("Ovation") and Encore Bank, N.A. ("Encore") (collectively, "Plaintiffs"), alleges a denial of coverage under a financial institution bond issued by Defendants. (Dkt. No. 1.) In the instant motion, Plaintiffs request leave to conduct discovery they deem necessary to support a determination on the issue of jurisdiction—principally that all named entities underwriting the bond at issue are nonresidents of Florida, and that each named entity's risk under the bond as compared to Plaintiffs' loss exceeds $75,000 exclusive of interest and costs. Plaintiffs allege they have yet to receive such requested information from named Defendants AUL 1274 Antares a/k/a Lloyd's Syndicate 1274 a/k/a Antares Syndicate 1274

("Antares") and Lloyd's Syndicate 1955 a/k/a Barbican Syndicate 1955 ("Barbican"). Plaintiffs accordingly request preliminary discovery of:

a. The identity of each individual underwriter (or Name) who assumed the risk of insurance loss under the Financial Institution Bond issued to Ovation Holdings, Inc. and Encore Bank, N.A. for the policy period December 31, 2013 to December 31, 2014, Policy No. BPB-1213N0-P00001;
b. The citizenship of each individual underwriter identified in (a);
c. The proportion or risk underwritten by each individual underwriter identified in (a).

Typically, absent a court order, discovery is not permitted prior to the case management scheduling conference required under Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1); Local Rule 3.05(c)(2)(B). Portions of Rule 26, however, grant Courts broad discretion to alter the timing, sequence, and volume of discovery requests upon a showing of good cause for departing from the usual discovery procedures. *See, e.g., Nassau Terminals, Inc. v. M/V BERING SEA*, No. 99-104-CIV-J-20C, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999). In the jurisdictional context, the Eleventh Circuit recognizes a qualified right to conduct discovery if the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation. *See Eaton v. Dorchester Dev., Inc*., 692 F.2d 727, 729-730 n.7 (11th Cir.1982); *Posner v. Essex Ins. Co*., 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). The Court's power in this regard "is not entirely discretionary," and limited jurisdictional discovery should be ordered where the information, if in existence, would give rise to jurisdiction. *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd*., 579 F. App'x 779, 790 (11th Cir. 2014) (quoting *Eaton*, 692 F.2d at 729); *Majd–Pour v. Georgiana Cmty. Hosp., Inc*., 724 F.2d 901, 903 (11th Cir.1984) ("Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction.").

A plaintiff's interest in such information, however, ordinarily presupposes a serious question regarding the factual predicate for jurisdiction raised by a jurisdictional dispute. *See Eaton,* 692 F.2d at 729 (beginning discussion of jurisdictional discovery by noting the importance of subject matter jurisdiction and the fact that a Rule 12(b)(1) motion allows the defendant to attack the truth and sufficiency of the matters alleged as well as the formal sufficiency of the complaint); *Belleri v. United States*, 712 F.3d 543, 548 (11th Cir. 2013); *RMS Titanic, Inc*., 579 F. App'x at 790 ("As we explained in *Chudasama v. Mazda Motor Corp.*, "[r]esolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made." (citation omitted)); *accord Sizova v. Nat. Inst. of Standards & Tech*., 282 F.3d 1320, 1326 (10th Cir. 2002) (discussing the appropriateness of jurisdictional discovery in the context of a pending motion to dismiss); *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (discussing the appropriateness of jurisdictional discovery in the context of a controverted factual challenge). "A 'jurisdictional question is genuinely in dispute [when] the court cannot resolve the issue' without additional evidence." *See Schwab v. Hites*, 896 F. Supp. 2d 1124, 1138 (M.D. Fla. 2012) (quoting *Eaton*, 692 F.2d at 730 n.7).

Here, at this procedural posture in the case, no such dispute exists. As noted above, Plaintiffs have alleged proper subject matter jurisdiction upon belief that Antares and Barbican are nonresidents of the State of Florida and that their risk under the bond as compared to Plaintiffs' loss exceeds $75,000 exclusive of interests and costs. (Dkt. No. 1, 3-4.) Defendants have yet to appear in the case, let alone challenge the jurisdictional basis of Plaintiffs' action. Allowing even narrowly tailored discovery at this juncture thus risks placing a potentially unnecessary burden on Antares and Barbican before they have even entered the case. Nor do other considerations support

granting Plaintiffs' discovery request at this juncture. For instance, the nature of the alleged activity does not appear to have thwarted Plaintiffs' ability to identify the Defendants using the information they currently possess. Indeed, Plaintiffs have served summons on both Antares and Barbican.[1] (Dkt. No. 4.)

Accordingly, for the foregoing reasons, it is hereby

ORDERED:

Plaintiffs' Motion is DENIED WITHOUT PREJUDICE.

**DONE AND ORDERED** at Tampa, Florida this 24th day of August, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record

---

[1] Summons were issued on August 3, 2015. The summonses were addressed to the named Defendants, care of Mendes & Mount, LLP, 750 Seventh Ave. NY, NY 10019-6829. (Dkt. No. 4.)